# EXHIBIT A-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/26/2024 2:42 PM
JAMIE SMITH
DISTRICT CLERK
24DCCV0499

CAUSE NO. 24DCCV 0499

| | | |
|---|---|---|
| DARLENE BROWN<br>*Plaintiff,* | § | IN THE DISTRICT COURT OF |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| LOWE'S HOME CENTERS, LLC, LOWE'S HOME CENTERS, INC. AND LOWE'S COMPANIES, INC.<br>*Defendants.* | § | 172nd JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DARLENE BROWN, hereinafter referred to as Plaintiff, complaining of LOWE'S HOME CENTERS, LLC, LOWE'S HOME CENTERS, INC., and LOWE'S COMPANIES, INC., hereinafter referred to collectively as Defendants or Lowe's, and for cause of action would show unto this Court as follows:

**I.**

Plaintiff hereby invokes Discovery level 3 under Tex. R. Civ. P. 190.2(c).

**II.**

Plaintiff DARLENE BROWN is a resident of Beaumont, Jefferson County, Texas. The last three digits of her social security number are 223.

**III.**

Defendant LOWE'S HOME CENTERS, LLC is a company doing business in Beaumont, Texas and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of process is requested at this time.

Defendant LOWE'S HOME CENTERS, INC. is a company doing business in Beaumont, Texas. Lowe's does not have an agent registered with the State of Texas. Therefore, it may be served through the Secretary of State by certified mail at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711. Service of process is requested at this time.

Defendant LOWE'S COMPANIES, INC. is a company doing business in Beaumont, Texas. Lowe's does not have an agent registered with the State of Texas. Therefore, it may be served through the Secretary of State by certified mail at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711. Service of process is requested at this time.

**IV.**

Plaintiff alleges that venue is proper in Jefferson County, Texas, because the accident made the basis of this lawsuit occurred in Jefferson County, Texas. Moreover, Plaintiff alleges that this Court has jurisdiction herein in that the amount in controversy is within the jurisdictional requirements of this Court.

**V.**

Plaintiff, Darlene Brown, alleges that on or about February 12, 2024, she fell over forks of a forklift that was left between aisles at Defendants' property located at 4120 Dowlen Road, Beaumont, Texas 77706. Plaintiff further alleges that the forks were left low and unattended without any warning signs, creating an unreasonably dangerous condition for customers.

Plaintiff would show that this incident, as well as her resulting injuries and damages, was brought about to occur and was proximately caused by the negligence of the Defendants herein. As a result of the fall, Plaintiff suffered severe injuries. The fall and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff, nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions

of the Defendants, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by the Plaintiff.

**VI.**

On the occasion in question, Defendants were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

a. Failure to provide a safe environment for customers and employees;

b. Failure to warn of the dangerous condition that existed;

c. Failure to remove the dangerous condition that existed; and

d. In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial.

Plaintiff further alleges that Defendants knew or should have known of the dangerous condition on its premises, and that this condition posed an unreasonable risk of harm to the Plaintiff and others. Additionally, Defendants failed to exercise reasonable care to reduce, warn of, or eliminate the risk of the dangerous condition.

All of the above acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendants amounted to negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff.

**VII.**

Plaintiff would further show that as a proximate cause of the Defendants' negligence, Plaintiff has undergone medical treatment and is still undergoing medical treatment. Therefore, Plaintiff has incurred reasonable and customary medical expenses for necessary medical treatment. Plaintiff will incur additional reasonable and necessary medical bills and will continue to incur such in the future. Accordingly, Plaintiff sues for past and future medical expenses.

**VIII.**

As a proximate result of Defendants' negligence, Plaintiff, Darlene Brown, suffered severe injuries. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a. Physical pain and suffering in the past;

b. Physical pain and suffering in the future;

c. Mental anguish in the past;

d. Mental anguish in the future;

e. Disfigurement in the past;

f. Disfigurement in the future;

g. Physical impairment in the past;

h. Physical impairment in the future;

i. Reasonable and necessary bills in the past; and

j. Future medical bills

**IX.**

Plaintiff, additionally, is entitled to both pre-judgment and post-judgment interest at the highest rate allowed by law. As a result of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain, at the hands of the Defendants, general and special damages in an amount in excess of the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial. While the amount of the Plaintiff's damages are the sole province of the jury, Plaintiff is required to plead a minimum amount of damages. In accordance with Tex. R. Civ. Pro. 47, the Plaintiff is seeking damages over $1,000,000.00.

**X.**

For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendants for:

a. Actual damages;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Costs of suit; and,

d. All other relief the court deems appropriate.

Respectfully submitted,

**PROVOST ✯ UMPHREY LAW FIRM**

MATTHEW C. MATHENY (SB 24039040)
ASHLYNN K. ALEXANDER (SB 24137302)
350 Pine Street, Ste. 1100
Beaumont, TX 77701
Phone: 409-835-6000
mmatheny@pulf.com
aalexander@pulf.com

ATTORNEYS FOR PLAINTIFF

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

MATTHEW C. MATHENY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rebecca Oberg on behalf of Matt Matheny
Bar No. 24039040
roberg@pulf.com
Envelope ID: 85980204
Filing Code Description: Petition
Filing Description: Brown Original Petition
Status as of 3/26/2024 3:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ashlynn Wright | | awright@pulf.com | 3/26/2024 2:42:37 PM | SENT |
| Matthew Matheny | | mmatheny@pulf.com | 3/26/2024 2:42:37 PM | SENT |
| Rebecca Oberg | | ROBERG@PULF.COM | 3/26/2024 2:42:37 PM | SENT |